## McGINLEY *v.* HARDY.

PLAINTIFF sues for balance due on a contract for erecting a building and a small sum for extra work. Defendant seeks to offset a claim for two and one-third months' rent lost by him, because of the neglect of plaintiff to finish the building within the time specified in the contract, defendant having, at the date of the contract, leased the building to responsible tenants, the lease to take effect from the time named in the contract for its completion : *Held,* that defendant cannot offset his rents, because the circumstances show that the contract was modified by the parties as to the time for the completion of the building.

APPEAL from the Eleventh District.

Suit for a balance claimed to be due on a written contract between plaintiff and defendants, by which the former was to erect for the latter a brick building of specified dimensions. The contract was dated October 20th, 1859, and the work was to be finished in seven weeks, for the price of $2,600. December 6th, 1859, the parties amended their contract by an endorsement thereon as follows, to wit : " It is further agreed between the above parties that the terms of the above contract be so far changed that said building shall be thirty-nine feet front, and the party of the first part (defendant) pay the party of the second part (plaintiff) one hundred and ten dollars extra." This would make the building several feet more front than per the original contract. October 20th, 1859, defendant leased to a responsible tenant for eighteen months one room

in the building at seventy-five dollars per month, from December 20th, 1859, or as soon as the building was completed; and November 5th, 1859, defendant leased the other rooms for two years from January 1st, 1860, or as soon as the building was completed, at sixty-five dollars per month.   Building completed February 28th, 1860. Defendant took possession February 21st, 1860, and two days thereafter paid plaintiff $2,392 " on said agreement," making no objection as to time.   Plaintiff did extra work, besides altering the front, to the amount of forty-six dollars and seventy-five cents, and sues for three hundred and sixty-four dollars and seventy-five cents, being the balance claimed on the original contract, together with the forty-six dollars and seventy-five cents, and the one hundred and ten dollars for changing the front.   The Court below gave plaintiff judgment for the amount claimed, holding that the agreement of December 6th, as to the front, being but one day prior to the time fixed in the contract for the completion of the building, necessarily extended the time, and waived damages, and that hence plaintiff could sue on the contract without resorting to the common counts, in which latter case only could defendant recoup.

Defendant appeals.

*Tuttle & Hillyer*, for Appellant, cited 5 Hill, 63 and 76 ; 3 Id. 171; 1 Id. 48, 484 ; 22 Wend. 155 ; 7 Pick. 184; 8 Id. 178 ; 14 Barb. 174.

*Hereford & Long*, and *Mills & Rowell*, for Respondent, cited Chitty on Cont. 382 ;  *Vanderbilt* v. *Eagle Iron Works*, 25 Wend. 665.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

We have examined the record in this case, and find no error for which the judgment should be reversed.   The alterations in the plan of the building constitute a sufficient answer to any claim on the part of the defendant growing out of a failure to complete the contract within the time specified.   The circumstances show very clearly a modification of the contract in this respect.

Judgment affirmed.