## No. 12,279.

ANDERSON *v.* E. H. PIHLSTROM INVESTMENT COMPANY
ET AL.
(288 Pac. 414)

Decided May 19, 1930.

Mr. THOMAS E. ANDERSON, pro se.

Mr. JAMES F. JACOBS, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

PARTIES here appear as in the lower court.

Plaintiff sued the defendants to quiet title to residence property in Denver, Colorado, alleging title and possession. Defendant, the Temple Investment Company, failed to answer. Defendant, the E. H. Pihlstrom Investment Company, cross-complained claiming a lien against said property in the sum of $2,500 evidenced by a cer-

tain recorded instrument alleged to be a contract executed by and between it and defendant, the Temple Investment Company. The lower court decreed title to the plaintiff subject to said lien. To review this judgment, this writ is prosecuted.

Plaintiff contends that said recorded instrument is not a bilateral contract, but a mere unexecuted option, unenforcible and wholly insufficient to create a lien against the property involved.

The record discloses that on July 2, 1924, defendant, the E. H. Pihlstrom Investment Company, obtained in trade with Mrs. Rose A. Agnew, two notes, one for $1,000 and the other for $2,491.23 secured by a deed of trust upon a farm in Jefferson county. Upon default the property was foreclosed and bid in by the defendant for the amount of the smaller note, and on May 15, 1926, the defendant received a public trustee's deed therefor. On June 26, 1925, Mrs. Rose Agnew transferred the title to the property involved in this suit, a residence on Lafayette street, Denver, to the defendant, the Temple Investment Company, which was caused to be incorporated by her and of which she became the president. On the 11th day of September, 1925, the alleged contract set forth in the cross-complaint was executed. This instrument was recorded shortly thereafter. On January 5, 1926, and subsequent to the recording of the said alleged contract, the Temple Investment Company transferred the title to the Lafayette street property by quitclaim to the plaintiff herein. This instrument was filed and recorded March 2, 1926, on which day Mrs. Rose A. Agnew died. The evidence further discloses that Mrs. Agnew was desirous of regaining title to the farm in Jefferson county and negotiations were had between her and the defendant, the E. H. Pihlstrom Investment Company, which culminated in the execution of the alleged contract in question. This instrument among other things provides:

"This agreement made and entered into by and be-

tween The E. H. Pihlstrom Investment Company, party of the first part, and The Temple Investment Company, party of the second part.

"Witnesseth, That if the party of the second part shall first make the payments and perform the covenants herein mentioned to be made and performed by the party of the second part, the party of the first part hereby gives the party of the second part the right of an option to purchase Block 23, Standley Heights, Jefferson County, Colo., together with all improvements and water rights, on or before ten days after the party of the first part secures a Public Trustee's Deed therefore [therefor] through the present foreclosure proceedings.

"Providing However, The Temple Investment Company continues to make the monthly payments as they become due on the 1st Deed of Trust now on said property, and pay all taxes and assessments due or to become due and keep the buildings insured.

"And that the party of the second part assumes and agrees to pay the two notes as described in a certain trust deed given by Rose A. Agnew, dated July 2nd, 1924, secured by a chattel mortgage and Block 23, Standley Heights, one note for $1000.00 and the other for $2491.23, and also all monies advanced to date or money to be advanced by the party of the first part, and all cost and expenses of foreclosure and Public Trustee's fees in said matter. To be paid as full consideration for above property by the party of the second part to the party of the first part as follows:

"By executing a Second Deed of Trust as described herein, to be delivered to the party of the first part, on or before ten days after the party of the first part secures a Public Trustee's deed to Block 23, Standley Heights, Jefferson County, Colo., through the present foreclosure proceedings. Said Second Deed of Trust for $2500.00 on Lots 18, 19 and 20, Block 2, Glencoe, together with all improvements thereon, to be free and clear of all liens

and encumbrances except a First Trust Deed for $6500.00.''

It further recites the form of the note and deed of trust to be executed and provides that time shall be of the essence of the contract. It is signed by both parties, but not acknowledged.

Undoubtedly this instrument is nothing more than a mere conditional option. It is so worded that any other construction is impossible. The E. H. Pihlstrom Investment Company was not obligated to do anything thereunder unless and until the Temple Investment Company first performed the conditions thereof and accepted the offer of the E. H. Pihlstrom Investment Company to convey the Jefferson county property on or before 10 days after the Public Trustee's deed thereto was executed and delivered. Mrs. Agnew, who dominated and controlled the Temple Investment Company died on March 2, 1926, and the trustee's deed in question was issued on May 15, 1926. Under the terms of the instrument, notwithstanding the performance by the Temple Investment Company of the covenants therein to be performed by it, it still had the right at any time before May 25, 1926 (10 days after the execution and delivery of the Public Trustee's Deed), within which to accept or reject the offer of the E. H. Pihlstrom Investment Company. It was not accepted within that time or at all, but on the contrary, the record discloses that any rights of the Temple Investment Company thereunder have been abandoned.

Under these circumstances, the lower court erred in holding that this instrument operated to give the E. H. Pihlstrom Investment Company a lien in the sum of $2,500 against plaintiff's property. Accordingly, the judgment is reversed and the cause remanded to the district court with directions to vacate its judgment heretofore entered, to dismiss the cross-complaint of the E. H. Pihlstrom Investment Company and to enter a decree quieting plaintiff's title to the property here involved

·free and clear of any rights, interests or encumbrances therein claimed by defendants.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.