No. 22274.

PIANO AND ORGAN WAREHOUSE, INC., A CORPORATION
v. HARRY WULF
(423 P.2d 26)

Decided January 30, 1967.

BERGER AND BIDERMAN, for plaintiff in error.

LARRY E. LAWLER, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

AFTER trial to court the defendant in error, Harry Wulf, hereinafter referred to as Wulf, was awarded a judgment in the amount of $250 plus costs against the plaintiff in error, Piano and Organ Warehouse, Inc., hereinafter referred to as Warehouse, Inc., as damages in lieu of specific performance. Warehouse, Inc. contends there is no basis in law or equity for this award of damages, since Wulf, upon trial of the issues, presented no evidence as to his damage, if any.

In its findings, the court below ruled there was a valid contract whereby Wulf agreed to purchase and Warehouse, Inc. agreed to sell a certain piano for $695 less a credit of $350 for a trade-in piano; that no consideration was paid; that Warehouse, Inc. was unable to deliver the piano in question because it did not in fact own it but was holding it for sale for a third party, who had specified a cash sale; and that the piano had been sold and the court was therefore unable to order specific performance.

In his complaint, Wulf prayed for specific performance because of the uniqueness of the piano and because a similar piano could not be obtained at the agreed price.

In a second claim for relief, Wulf prays for damages on grounds of breach of contract, it being acknowledged therein that specific performance would not be possible.

Although a transcript of the testimony was not made a part of the record on writ of error, the findings of the court state that specific performance is not being granted; that Wulf has an adequate remedy at law; that no evidence of damages was shown; that damages were being, however, awarded in lieu of specific performance. How the court determined the amount of damages is shown from its ruling denying the motion for new trial, as follows:

"In sum, the Court does now find for the plaintiff. Now, as to the amount, the difference between what the plaintiff started with — which is his other piano valued at $350.00 — and what was placed as the value of this piano in question, owned by the defendant, set forth in the contract as $695.00, is, of course, $345.00. However, there is evidence, uncontradicted evidence, that the plaintiff could have obtained a new piano of the same type for $600.00, and he had $350.00 value in his other piano.

"The Court finds for the plaintiff in the amount of $250.00 and costs."

■ The court having denied specific performance, the damages, if any, would be those suffered for breach of contract. See 81 C.J.S. 784, and *Corbin on Contracts* § 1160.

■ The measure of such damages should have been the amount of loss sustained by Wulf in losing the bargain. To find damages for loss of bargain, the finding must be substantiated by evidence as to the difference in value of the asset in question at the time the conveyance should have been made, and the sum agreed to be paid. *Muenchow v. Roberts*, 77 Wis. 520, 522, 46 N.W. 802, 803.

■ ■ The award of damages and the method which the court utilized in its determination of damages were

clearly improper. There being no evidence presented to show damages for loss of bargain, the court should have found for Warehouse, Inc. and dismissed the action.

Judgment reversed.