## No. 23015.

### Verna Bursack *v.* Harold E. Moore and Bernice D. Moore.
(439 P.2d 993)

Decided April 15, 1968.     Rehearing denied May 6, 1968.

JOHNSON and MCLACHLIN, for plaintiff in error.

CARL M. SHINN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THE plaintiff, Verna Bursack, is the owner of a 240 acre farm, the subject matter of this litigation. The defendants, Harold and Bernice Moore, since shortly after the death of Mr. Bursack, have been tenants on plaintiff's farm. The controversy is the outgrowth of an instrument relating to the subject property, referred to as Exhibit "A," which the parties executed in January 1966.

The litigation has, to say the least, an unusual trial court history. All but one issue was settled in the first phase of the trial which was a trial to the court. The remaining issue was determined by a jury after the granting of a new trial for that purpose only. See R.C.P. Colo. 59(a). The jury determination of the issue was contrary to that of the trial judge in the first instance. Judgment for the defendants decreeing specific performance of the agreement was entered. The writ of error is directed to this second judgment.

We do not deem it necessary to detail the facts. Those essential to an understanding of the issues will be capsuled.

Exhibit A is a printed form of agreement labeled, "Agreement For Sale and Purchase of Property With Escrow Agreement." The banker who prepared the document upon the defendants' request filled in the names of the parties as seller (plaintiff) and purchasers (defendants), accurately described the 240 acres, made the American State Bank of Granada the escrow agent, and provided that the purchasers pay the sum of $50,000 to the seller, in the following manner:

"$40,000.00 on approval of title, and by note and deed of trust which will be 2nd lien to the Federal Land Bank, in the amount of $10,000.00 payable in annual installments of $1,000.00 or more plus interest at 5% per annum."

The plaintiff in her complaint alleged that "Exhibit A is an option," and "That on or about February 3, 1966, plaintiff, by her attorney, notified the defendants that the plaintiff 'has and does withdraw the offer contained in the option to sell'."

The foregoing is sufficient background to indicate the issues that existed up to the morning of the first trial, July 14, 1966. The trial was preceded by a conference between counsel and the trial judge, the purpose of which was to clarify and limit the issues of fact and law to be determined. During the conference, plaintiff,

over objection, asked leave to add paragraph twelve to her complaint. The court permitted the amendment and counsel for defendants then consented to proceed with the hearing.

The amendment added a completely new issue. It, in substance, asserted that the plaintiff had signed Exhibit A to enable defendants to ascertain the amount of loan the defendants could obtain from the Federal Land Bank, and "that it was the intention of the parties to see whether the defendants could obtain a loan sufficiently high to permit them to purchase the property from the plaintiff at a higher price than that stated in Exhibit A."

The trial was concluded on July 14, 1966. On September 8, 1966, the court entered its findings of fact, conclusions of law and judgment which, in brief, read as follows:

*Findings of Fact and Conclusions of Law*

a. Exhibit A is an agreement for the sale and purchase of real property and is not an option.

b. Plaintiff's oral statement and her attorney's letter of February 3, 1966, advising defendants of her refusal to perform was an anticipatory breach of the agreement and excused tender of payment by defendants and their offer to tender of payment was within a reasonable time and sufficient.

c. Plaintiff intended the terms of Exhibit A to be something different than the terms recited; that is, she intended that Exhibit A be used by the defendant, Harold E. Moore, to find out how much of a loan he could obtain from the Federal Land Bank.

[First] *Judgment.*

"IT IS THEREFORE THE JUDGMENT of this Court that the Agreement be and hereby is annulled. * * * [I]n view of defendants' objection to the amendment of plaintiff's Complaint to include an additional claim, which the defendants were not prepared to meet, upon their filing a motion within ten (10) days, they

may have further trial to a jury upon the question of whether the plaintiff executed and delivered Exhibit 'A' as a contract or for some other purpose."

██ The defendants filed a motion for new trial and the court summarily granted it. We find, contrary to plaintiff's contention, that a motion filed on Monday, the eleventh day after the entry of judgment, is timely. See R.C.P. Colo. 6(a). Neither do we find any merit in the contention that the court erred in failing to specify in its order "the grounds of the new trial," as required by R.C.P. Colo. 59(d). That part of the first judgment which provided that "in view of defendants' objection to the amendment of plaintiff's complaint to include an additional claim, which the defendants [objected to and] were not prepared to meet," has to be read into the order granting the new trial. Although the better practice would be to adhere strictly to the rule, the deficiency can be supplied by the preceding order.

Plaintiff's second assignment of error:

*The judgment should be reversed because the agreement is an option.*

██ Exhibit A, as a matter of law, was not an option. Plaintiff relies on *Anderson v. Pihlstrom Investment Company,* 87 Colo. 441, 288 P. 414, in which the agreement in issue provided that "if the party of the second part shall first make the payments * * * the party of the first part hereby gives the party of the second part *the right of an option* * * *." (Emphasis added.) No such *option* language appears in Exhibit A.

██ Plaintiff next claims that "the agreement was revoked prior to its delivery and acceptance by defendants." The plaintiff also grounded a motion for directed verdict on the premise that the agreement had not been delivered to her and was therefor not a binding agreement. We note, however, that in her complaint the plaintiff alleged the execution of the agreement and, in her reply to defendants' counter-claim, she alleged: "Plaintiff admits the execution of Exhibit

'A' attached to the complaint, * * * alleges the same was an option * * *." In the findings of fact incident to the judgment first rendered by the court it found, inferentially at least, that it was not revoked prior to delivery and acceptance by the defendants.

In Instruction No. 1, the court instructed the jury that the plaintiff

"* * * has filed her Complaint herein alleging that she and the defendants * * * signed Exhibit A. She alleges that Exhibit A was signed by the plaintiff for the purpose of providing the defendants with an instrument to tender to the Federal Land Bank of Wichita to ascertain the amount of loan that defendants could obtain upon the property therein described, and said exhibit was not signed by the plaintiff for the purpose of fixing terms of a sale and purchase agreement between the parties * * *."

In Instruction No. 4, the court, after stating that the jury was to determine the intent of the parties in signing the agreement, stated:

"If you find that the parties signed it as a contract you shall find for the defendants.

"If you find that plaintiff signed it so that defendant Harold Moore could find out about a loan you shall find for the plaintiff."

It is implicit in the jury verdict not only that the plaintiff executed and delivered the agreement to the defendants, but that the defendants executed and accepted the agreement as binding upon themselves.

The jury accepted the defendants' version as to the intent of the parties and rejected that of the plaintiff. Since there was competent evidence to support the finding, it will not be disturbed on review.

█ Initially, the plaintiff admitted the execution of Exhibit A, but alleged it was an option. Then, by the amendment of her position as set forth in paragraph 12, she adhered to the admission as to the execution of the agreement, but claimed that it was delivered

conditionally or for a limited purpose. In effect, plaintiff admitted the signing and delivery of the instrument, but denied its efficacy. For that reason the court did not err in refusing to give plaintiff's proffered instruction on the alleged issue of delivery.

██ The plaintiff challenges the sufficiency of the judgment. The judgment:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff shall specifically perform the contract entered into between the parties * * *."

Reference to the agreement will supply all of the essential details as to the responsibilities of *both* parties in performing the agreement, except as to the time for performance. Where, as here, no time for performance is fixed by the agreement, the law fills the void by resorting to "the doctrine of performance within a reasonable time." *Shull v. Sexton,* 154 Colo. 311, 390 P.2d 313.

The court properly instructed the jury on the sole issue submitted to it. We find no merit in the other assignments of error. It would unduly prolong this opinion to further discuss them.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE DAY concur.