522 P.2d 741 (1974)
D. L. BENNETT et al., Plaintiffs-Appellants,
v.
Willis C. MORING and Sunnyside Missionary Baptist Church, Defendants-Appellees.
No. 73-182.
Colorado Court of Appeals, Div. II.
March 19, 1974.
Rehearing Denied April 9, 1974.
Certiorari Denied June 10, 1974.
*742 Goodbee & Mason, P. C., Wendell R. Goodbee, Frank W. Davis, Colorado Springs, for plaintiffs-appellants.
Grant E. Miller, Colorado Springs, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a judgment denying specific performance of a real estate purchase contract against one of two named defendants. The trial court denied specific performance on the grounds that the contract did not comply with the statute of frauds.
The property involved in the alleged real estate purchase contract consisted of church buildings and grounds owned by defendant Sunnyside Missionary Baptist Church (Sunnyside). Plaintiff, Bennett, a minister for a newly-organized church which was seeking facilities of its own, observed that the Sunnyside property was for sale and contacted defendant Moring, Sunnyside's minister. Subsequently, Bennett contacted Rickard, a realty agent, who proceeded to draw up a contract providing for the sale of the property for a sum of $55,000. It was uncontested that Rickard was Sunnyside's agent for procuring a buyer for the property. (While there was no formal listing agreement between Rickard and Sunnyside, the written contract provided for a 6% commission for the Realtor to be paid by the seller.) No closing date was specified. The contract was executed by Bennett personally on July 11, 1972, and was presented to defendant Moring. The contract was approved by the Sunnyside congregation, and defendant Moring signed the contract at the request of the realty agent, but Moring disclaimed any power to execute the contract on behalf of Sunnyside.
Several months passed during which the buyer apparently encountered some difficulties in raising the purchase price. Finally, on September 21, the realty agent drew up a "new" contract form setting out more specifically than in the original contract the financing arrangements arrived at by the buyer. The purchase price remained the same and no material changes affecting the seller's rights were involved. This contract was tendered together with a check for $10,000 to Sunnyside on September *743 21, 1972. The congregation rejected the "new" contract on September 22, and on September 24 passed a further resolution not to sell the property to anyone at that time. The next day, men from the plaintiff church entered the Sunnyside Church using a key supplied by the realty agent and began to redecorate the interior. The men were asked to leave the premises by members of the Sunnyside congregation and they did so. The following day the defendants received written notice from the plaintiffs that they would seek specific performance of the original contract.
At trial, plaintiffs presented the original written contract as an exhibit. The defendants offered the second written contract into evidence, arguing that plaintiffs, by presenting the second writing, had repudiated the first contract and, in effect, made a new offer to purchase. They claim this offer was not accepted and never executed by either of the defendants. The trial court on sufficient evidence rejected defendants' argument and concluded that the original writing constituted the only valid contract, and held that the intended closing was to occur within a reasonable time. The court further found, as against Sunnyside, that the contract was in violation of the statute of frauds, since the alleged contract was for the sale of land, and was not signed either by the defendant church, C.R.S.1963, 59-1-8, or by its agent "lawfully authorized by writing," C.R.S. 1963, 59-1-9. Since the plaintiffs produced no writing evidencing the agency of defendant Moring to sign on behalf of Sunnyside, the court concluded that the contract was void as against Sunnyside. However, the trial court awarded damages against defendant Moring, apparently upon the theory that his signature on the contract warranted his ability to convey the property. Defendant Moring did not appeal the judgment against him.

I STATUTE OF FRAUDS
Plaintiffs appeal, arguing that the trial court erred in concluding the statute of frauds rendered the contract void as to Sunnyside. We agree with this contention.
While the trial court correctly concluded that Sunnyside could not be bound by defendant Moring's signature on the basis that there was no written agency between them it failed to consider plaintiffs' contention that the mintues of a Sunnyside congregational meeting provided a sufficient memorandum in conjunction with the written contract to satisfy C.R.S.1963, 59-1-8. As the issue presented by these documents is a question of law, it is a question which this court can resolve in the absence of findings and conclusions by the trial court. Helmericks v. Hotter, 30 Colo.App. 242, 492 P.2d 85.
At trial, plaintiffs introduced into evidence the "Church Roll and Record" of the Sunnyside Church. The record was admitted without objection and contained an entry dated July 12, 1972, showing the congregation's approval of a contract to sell the property for $55,000. We conclude that this regular business record, although kept in a rather informal manner, qualifies as a memorandum capable of satisfying the statute of frauds. See Loventhal v. Noel, 196 Tenn. 308, 265 S.W.2d 891.
Where more than one writing is used to satisfy the requirements of the statute of frauds, some nexus between the writings must be shown. Beckwith v. Talbot, 2 Colo. 639; 2 A. Corbin, Contracts § 512. While the phrase "internal reference" is often used to describe the requisite nexus, it need not be in the form of express cross-references between the writings. Instead, the requirement may be satisfied by parol evidence where, as here, it is apparent that the memoranda referred to the same subject matter or transaction. Haspray v. Pasarelli, 79 Nev. 203, 380 P.2d 919; Crabtree v. Elizabeth Arden Sales Corp., 305 N.Y. 48, 110 N.E.2d 551.
In the present case the nexus is provided by the finding of the trial court, based on uncontradicted parol evidence admitted without objection, that the congregation had, as the minutes reflect, approved the written contract prepared by *744 the real estate agent. Thus, we conclude that the minutes and the written contract considered together were sufficient memoranda to satisfy the statute of frauds.
In view of our conclusion that the statute of frauds was satisfied by the memoranda and parol evidence connecting the minutes and the written contract, it is unnecessary for us to address appellant's other contentions with respect to part performance of the contract or subsequent ratification by Sunnyside.
Since the trial of this action, the property in question has been sold by the defendants making specific performance impossible. Thus, the cause must be remanded to the trial court to permit plaintiffs to file an amended complaint for such damages for breach of contract as they may have sustained. See Prosser v. Schmidt, 118 Colo. 502, 197 P.2d 318. The proper measure of damages would be the purchaser's loss of bargain, i. e., the market value at the time the conveyance was to take place, minus the unpaid contract price. Piano & Organ Warehouse, Inc. v. Wulf, 161 Colo. 457, 423 P.2d 26.

II REALTOR'S COMMISSION
Although the status of the claim of the real estate agency for a commission is not clear on appeal from the briefs or oral arguments, the notice of appeal states that appeal is taken from denial of its claim as well as those of Bennett and the Bethel Assembly of God Church and the relevant issues were properly preserved in the motion for new trial.
The complaint alleged that the Realtor had produced a buyer for the subject property who was "ready, willing and able" to purchase. Defendant's answer generally denied the allegations in support of the Realtor's claim. The trial court denied the claim on the grounds that the Realtor "prepared a contract unenforcable (sic) at the time of its preparation and signing."
We conclude that this finding was erroneous. As this court recently pointed out, the law will not impute to the parties to a contract a knowledge of the probable construction and determination of validity of that contract by the courts. Burch v. Exploration Data Consultants, Inc., Colo.App., 518 P.2d 288. See Denver Fire Insurance Co. v. McClelland, 9 Colo. 11, 9 P. 771. Furthermore, the finding of the trial court is not responsive to the issues raised by the pleadings. The trial court made no findings of fact with regard to the performance required of the Realtor under such contract. Thus, the case must be remanded to the trial court for findings of fact and conclusions of law on the issues raised by the Realtor's claim. See Hayden v. Morrison, 152 Colo. 435, 382 P. 2d 1003.
Judgment is reversed and cause remanded.
ENOCH and RULAND, JJ., concur.