535 P.2d 233 (1975)
Robert A. BELL and Sandra I. Bell, Plaintiffs-Appellees,
v.
James P. McCANN and Victor E. McCann, Defendants-Appellants.
No. 74-258.
Colorado Court of Appeals, Div. II.
March 18, 1975.
Rehearing Denied April 15, 1975.
Certiorari Denied June 2, 1975.
*234 Bennett, Heinicke, Morrison & Hollaway, Howard Morrison, Colorado Springs, for plaintiffs-appellees.
Strand, Holst & Hilbert, Edwin Strand, Colorado Springs, for defendants-appellants.
Not Selected for Official Publication.
PIERCE, Judge.
The defendants, James and Victor McCann, appeal from a judgment in favor of plaintiffs, Robert and Sandra Bell, awarding the Bells $4,938 for the McCanns' breach of a contract to construct a house. We affirm the judgment.
In furtherance of their desire for construction of a house, the Bells, in the summer of 1972, were introduced to the McCanns. After a series of negotiations, including the employment of one Richard DeSimone to prepare construction drawings, the parties met on August 9 and signed a document identified at trial as Exhibit B. By the terms of this document, the Bells promised to pay $45,000 to the McCanns for a specified lot with a "house to be built by McCann." The Bells paid $500 earnest money at the time of the signing, promising to obtain a $40,500 30-year conventional loan and to pay the balance of the total price upon closing. After receipt of the final plans drawn by DeSimone (Exhibit D), the loan was obtained and the lot was staked, but construction was never begun in spite of the Bells' repeated demands that construction commence.
In November, Victor McCann told the Bells that he would not build the planned house for $45,000, because he would make no profit. Mr. Bell offered to pay an extra eight per cent if construction would begin immediately. McCann refused, but offered to build the house, including several "extras" which the parties had previously discussed, for approximately $54,000. Bell said he could not afford that price, so the Bells' earnest money was returned and the McCanns released their rights to the lot. The Bells put the plans, with several variations from Exhibit D, out for bid, and the low bid for the lot and house was $54,500. This suit followed.
Trial was to the court, which found that the parties had agreed to all essential terms for a contract for the construction of a house, and that the McCanns breached or repudiated the contract in November of 1972 when they refused to build the house for the agreed price of $45,000.
The McCanns maintain that it was error for the trial court to find that a contract existed between the parties. They argue that the written document, Exhibit B, lacked several essential elements of a construction contract and that such elements cannot be supplied by parol evidence. In addition, they argue that the parties had not come to an agreement regarding several "extras" and that, since agreement on the extras was essential to the contract, the meeting of the minds requisite for creation of a contract was lacking. The McCanns have not raised the statute of frauds as an *235 issue, and thus it will not be considered on this appeal.
While the written document Exhibit B, which the parties have referred to as "the contract," may not describe the house that is to be built and may therefore lack definiteness as to an essential element of the contract, see Greater Service Homebuilders Investment Ass'n v. Albright, 88 Colo. 146, 293 P. 345, this inadequacy was remedied by the preliminary and final plans drawn by DeSimone which, according to the testimony of the Bells, embodied the oral agreement of the parties. We disagree with the McCanns' argument that reliance on such testimony was improper. It is true that where a written document is a complete and accurate expression of the parties' agreement, evidence is not admissible to vary or contradict the terms of the document. Miller v. Fulenwider, Inc., 146 Colo. 588, 362 P.2d 570; Aztec Sound Corp. v. Western States Leasing Co., 32 Colo.App. 248, 510 P.2d 897. However, whether a writing was intended by the parties as the complete expression of their agreement is a question of fact, Coulter v. Anderson, 144 Colo. 402, 357 P.2d 76; Aztec Sound Corp. v. Western States Leasing Co., supra, and since the written document in this case, Exhibit B, patently did not include all the terms and conditions of the parties' agreement as to the house plan, admission of parol evidence was proper in order to determine the existence of a complete agreement. Harmon v. Waugh, 160 Colo. 88, 414 P.2d 119.
We also cannot agree with the McCanns' contention that failure of Exhibit B to specify the time for construction of the house is a fatal omission. Construction of the house impliedly was required within a reasonable time under the circumstances. Bursack v. Moore, 165 Colo. 414, 439 P.2d 993; Shull v. Sexton, 154 Colo. 311, 390 P.2d 313.
Finally, we reject the McCanns' argument that agreement on the "extras" was essential to formation of a contract. What constitutes the essential terms of a contract generally is determined from the intention of the parties as disclosed by the surrounding facts, American Mining Co. v. Himrod-Kimball Mines Co., 124 Colo. 186, 235 P.2d 804, and there was sufficient evidence for the trial court to conclude that the parties intended to reach a binding contract for construction of the basic house while postponing decision regarding the extras.
The McCanns also assert that the trial court applied an improper measure of damages. From the bid of $54,500, the trial court subtracted the $962 worth of extras that had not been included in the house plans to which the McCanns had agreed, the $3,600 which it found the Bells and McCanns had agreed upon for "extras," and the $45,000 agreed price for construction of the house. Thus, the Bells were awarded $4,938 in damages.
The basic rule in breach of contract actions is that the wronged party is entitled to recover compensatory damages sufficient to place him in the position in which he would have been had the breach not occurred. Taylor v. Colorado State Bank, 165 Colo. 576, 440 P.2d 772; Coon v. Ginsberg, 32 Colo.App. 206, 509 P.2d 1293. In effect, the court's computation awarded the Bells the difference between the contract cost of constructing the house and the fair market cost of erecting such a house. Although there seems to be a split of authority as to the proper measure of damages where construction was never begun by the breaching party, see Annot., 76 A.L.R.2d 805, § 8, the measure of damages applied by the trial court was proper. Ross v. Danter Associates, Inc., 102 Ill. App.2d 354, 242 N.E.2d 330. Cf. Campbell v. Koin, 154 Colo. 425, 391 P.2d 365; Shiffers v. Cunningham Shepherd Builders Co., 28 Colo.App. 29, 470 P.2d 593.
Two minor errors occurred in computation of the damages. First, the only evidence as to the value of one of the extras agreed to by the Bells and McCanns, the anodized windows, was that the windows cost $550. The trial court's valuation *236 of the windows as $250 was a mathematical error and, since basis for computation appears in the record, this court may correct the judgment, reducing the damages awarded to $4,638. Adler v. Adler, 167 Colo. 145, 445 P.2d 906. Second, the McCanns correctly assert that there was no evidence to support the trial court's finding that, as one of the "extras," the parties had agreed to a $300 charge for fill dirt; Mr. Bell only testified that the dirt would be reasonably expensive. However, the McCanns' argument works to their own disadvantage. Since there was no evidence to support this finding, the $300 may not be subtracted from the $54,500 bid price, and the correct computation of the Bells' damages again results in the amount of $4,938. Thus, although the basis of the judgment is incorrect in these two particulars, the total amount awarded is correct.
Judgment affirmed.
ENOCH and STERNBERG, JJ., concur.