MEDEMA HOMES, INC., Petitioner,

v.

Theodore J. LYNN and Mary E. Lynn, Respondents.

No. 81SC208.

Supreme Court of Colorado, En Banc.

July 6, 1982.

Calkins, Kramer, Grimshaw & Harring, James S. Bailey, Denver, for petitioner.

No appearance for respondents.

HODGES, Chief Justice.

We granted certiorari to review *Lynn v. Medema Homes, Inc.*, Colo.App., 632 P.2d 623 (1981), wherein the court of appeals in reversing a trial court judgment held in a home purchasers' damage action against the builder that they were entitled to (1) damages as measured by the market value of the property as of the date when specific performance became unavailable as a remedy; and (2) the liquidated damages provided in the contract. Both of these claims for damages were rejected by the trial court in its judgment. We find that the trial court's judgment was correct with respect to these claims, and we reverse the judgment of the court of appeals.

This case has been litigated twice in the trial court and this is the second appeal. There follows a resume of the essential facts. On May 9, 1976, the respondents (home purchasers) entered into a contract sale agreement with the petitioner (builder) to have a Medema home built for them. They paid $1,050 as a deposit. The contract provided, *inter alia*, that if the builders failed to complete construction within 120 days, plus a 30-day grace period, the builder would pay the home purchasers liquidated damages of $25 per day until completion. No commencement date was specified. However, at the first trial, the court (trial court I) determined that the 120-day construction period was to begin on June 25, 1976, thereby bringing the date of performance to October 23, 1976.[1] In accordance with the contract, the home purchasers sought and obtained financing for the purchase.

By late July, 1976, the home purchasers became concerned that the Medema home would not be completed on time. They wrote to the builder requesting a construction schedule, but received no response. Toward the end of August, the home purchasers began looking for a home to lease in the event the Medema home would not be completed by October 10, 1976, which was the date they had to vacate their current home. On behalf of the home purchasers, it was testified that a rental house of sufficient size to accommodate their large family could not be found, and, therefore, in August, 1976, they entered into a lease with option to buy agreement on another home. They then transferred their financing application from the Medema home to this home, and moved in sometime in late August. The purchase of this home was finalized in October, 1976.

In March, 1977, the home purchasers sued the builder seeking specific performance and damages.

The builder responded that since the required mortgage loan commitment had been transferred from the Medema home, the home purchasers had breached the terms of the contract with the builder. Trial court I agreed, concluding that this transfer in financing made it impossible for the home purchasers to comply with the financing requirements in the contract. This decision was appealed (appeal I). While this appeal was pending, the builder notified the home purchasers' attorney that the builder intended to sell the Medema home to a third party. The home purchas-

---

1. In the first appeal, the court of appeals found this date to be reasonable under the doctrine of "performance within a reasonable time." *Bursack v. Moore*, 165 Colo. 414, 439 P.2d 993 (1968). This commencement date is not a contested issue here.

ers did not object nor did they attempt to prevent such action. The builder subsequently sold the Medema home to a third party. The court of appeals reversed (appeal I) finding that the home purchasers had not breached their contract and that trial court I erred in failing to grant specific performance. However, since specific performance was no longer available after appeal I, the case was remanded on the damages issue. The petition for writ of certiorari to that judgment was denied by this court.

On remand, trial court II awarded damages of $500, representing the value of a country club membership which the home purchasers would have received had the contract been performed.[2] No other damages were awarded. Trial court II found that the Medema home had not appreciated in value between the date of the contract, May 9, 1976, and the time when the conveyance should have been made, October 23, 1976, and thus no loss of bargain damages were warranted. The home purchasers' liquidated damages claim was rejected since respondents had availed themselves of their legal and equitable rights to consequential damages. The home purchasers again appealed.

The court of appeals (appeal II) reversed this judgment of trial court II on two grounds: first, as noted, the court rejected trial court II's formula for determining loss of bargain damages. Second, the court ruled that the purchase contract's liquidated damages clause was an additional, not an alternative, remedy to loss of bargain damages, thus, the home purchasers were also entitled to those damages. These two grounds for the court of appeals' reversal of the trial court II judgment formulate the issues which we examine on certiorari review.

## I.

## LOSS OF BARGAIN DAMAGES

In determining the home purchasers' damages, where specific performance is not possible, trial court II ruled and applied the formula that the measure of damages for loss of bargain is "the amount, if any, by which the market value of the property at the time it should have been conveyed exceeded the amount of the contract price[,] plus all payments made by the plaintiffs (home purchasers) on the contract." The deposit was previously returned to the home purchasers. Expert testimony was presented concerning the property's value on May 9, 1976 and on October 23, 1976. Based on this testimony, the court found that the property had not appreciated in value between these two dates. Accordingly, no loss of bargain damages were found or awarded.

 The court of appeals in appeal II reversed this finding and applied a different formula for determining such damages. It measured damages by comparing the contract price with the property's fair market value at the time specific performance became unavailable as a remedy, namely, March 17, 1978, the date the builder sold the Medema home to a third party. The original contract price of the Medema home was $68,824, and the ultimate sale price in March 1978 was $80,829. The court of appeals, therefore, set the loss of bargain damages at $12,005 plus interest.

The formula devised by the court of appeals amounts to an improper calculation of loss of bargain damages under Colorado law. The proper formula is set forth in *Bennett v. Moring*, 33 Colo.App. 390, 522 P.2d 741 (1974), and it was correctly applied by trial court II. *See Atchison v. City of Englewood*, 193 Colo. 367, 568 P.2d 13 (1977); *Piano and Organ Warehouse, Inc. v. Wulf*, 161 Colo. 457, 423 P.2d 26 (1967); *Minshall v. Case*, 148 Colo. 12, 364 P.2d 868 (1961); 5 A. Corbin, *Contracts* § 1098 (1951); C. McCormick, *The Law of Damages* § 181 (1935); 22 Am.Jur.2d *Damages* § 52 (1965). *See also* CJI—Civ.2d 30:36 (1980). Additionally, as the trial court's factual findings on appreciation are sup-

---

**2.** The builder did not contest this award in the court of appeals, nor was this award disputed in the petition for writ of certiorari. Accordingly, it is not an issue before us on review.

ported in the record, we accordingly affirm its holding on this issue. *See Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979).

## II.

### LIQUIDATED DAMAGES

Trial court II found the home purchasers' liquidated damages claim inapplicable since they had availed themselves of their legal and equitable rights to consequential damages.

The court of appeals rejected this finding and ruled that the liquidated damages clause of the contract provided an additional, not an alternative, remedy when the home purchaser seeks to enforce a contract. Under the facts of this case, the court of appeals' ruling is contrary to fundamental principles which are adhered to in making damage awards. The trial court's analysis was correct and should not have been rejected by the court of appeals. In addition, we note that the liquidated damages clause of the contract provides:

> "If Seller fails to deliver said title and possession within the 120 days and 30 day extension specified herein, and such failure is not beyond the control or without the fault or negligence of the Seller, Seller shall pay to Purchaser liquidated damages in the amount of $25 per day until such failure is cured."

The clear wording of this clause dictates that only when the seller fails, because of his own fault, to deliver title and possession on time does liability under this liquidated damages clause come into operation. Delivery of title and possession here was never accomplished because of an assortment of reasons, several of which must be attributed to the home purchasers.

■ It is the majority rule that a liquidated damages clause addressing delay in a performance contract will not be enforced where such delay is due in whole or in part to the fault of the party claiming the clause's benefit. *See, e.g., United States v. United Engineering & Contracting Co.*, 234 U.S. 236, 34 S.Ct. 843, 58 L.Ed. 1294 (1914); *L. A. Reynolds Company v. State Highway Commission*, 271 N.C. 40, 155 S.E.2d 473 (1967); *Kiewit & Sons' Co. v. Pasadena City Jr. Col. Dist.*, 59 Cal.2d 241, 379 P.2d 18, 28 Cal.Rptr. 714 (1963); *Austin-Griffith, Inc. v. Goldberg*, 224 S.C. 372, 79 S.E.2d 447 (1953); *Psaty & Fuhrman v. Housing Authority of City of Providence*, 76 R.I. 87, 68 A.2d 32 (1949). *See also* 5 A. Corbin, *Corbin on Contracts* § 1072 (1964); 25 C.J.S. *Damages* § 115c (1966); 22 Am.Jur.2d *Damages* § 233 (1965).

■ We embrace this same rule and find it applicable here. The evidence leaves no doubt but that the delay in delivery of the home was due, at least in part, to the home purchasers' actions. It was a clear condition of the contractual relationship that they were to apply for and secure financing for the Medema home. This they did. However, even though the builder estimated the house would be delivered by September 10, 1976, and that trial court I found the delivery date to be October 23, 1976, respondents transferred the loan application on the Medema home to a second home in late August. The builder learned of this transfer by September and became concerned about the home purchasers' intentions to comply with the contract. Evidence at trial clearly showed that this loan transfer contributed directly to the delays in completing the construction. Other evidence revealed that delay was also occasioned by the home purchasers' failure to cooperate with the builder in selecting carpeting and wall coverings for the Medema home. It was testified on behalf of the builder that absent such conduct by the home purchasers, the Medema home would probably have been delivered by the builder in accordance with the contract.

Evidence in the record is clearly supportive of trial court II's refusal to award loss of bargain and liquidated damages to the home purchasers.

We, accordingly, reverse the judgment of the court of appeals on the two issues involved in this review.

LOHR, J., specially concurs.

LOHR, Justice, specially concurring.

I concur in part I of the opinion and in so much of part II as denies the home purchasers' liquidated damages claim because the delay was caused in part by them. Accordingly, I concur in the result reached in the majority opinion.