[Civ. No. 18626.   First Dist., Div. One.   Mar. 10, 1960.]

LEONARD SEMAS, Plaintiff and Respondent, v. CONRAD E. BERGMANN et al., Appellants, AMERICAN SURETY COMPANY OF NEW YORK, Cross-Defendant and Respondent.

Watson & Tedesco and William E. Watson for Appellants.

Machado, Feeley & Machado for Respondents.

BRAY, P. J.—Defendants and cross-complainants appeal from a judgment in favor of plaintiff and cross-defendant in the principal sum of $5,217.60 and for foreclosure of a mechanic's lien, presenting solely the question of whether there is substantial evidence to support the finding that plaintiff's late performance was excused for 49 days.

### RECORD

Plaintiff and defendants entered into a contract on October 31, 1955, in which plaintiff agreed to construct a store building for defendants for the sum of $62,775. The contract provided for completion of the building by January 15, 1956, and contained a penalty and bonus clause to the effect that plaintiff would be liable to defendants for $100 per day for each working day the work remained uncompleted, and defendants liable to plaintiff for a similar amount for each working day that the building was completed ahead of schedule. The building was not completed until 69 days after that date. Defendants contend that the delay was due to inclement weather, of which plaintiff was required to take the risk, and plaintiff's incompetence. Plaintiff contends it was due to acts of defendants. The court found "that plaintiff did not fail to complete said work set forth in said contract and change orders and extras for a total period of sixty-nine (69) work days but for a period of twenty (20) and no more," and reduced the balance due plaintiff on the contract by $2,000. There were certain other offsets which the court allowed in reaching the balance due

under the contract of $5,217.60. No challenge is made of this figure, except as it would be affected by a determination as urged by defendants that they should be allowed a credit of $100 per day for 69 days instead of for only 20 days as allowed.

## The Court's Finding Is Supported

At the trial plaintiff raised a number of factors which he contended excused his delay in performance. Evidence thereon was offered by both parties. A study of the record shows that on practically all of them there was a conflict in the evidence which the court resolved in plaintiff's favor.

██ ██ It is well settled that a reviewing court cannot reweigh the evidence to determine where the preponderance of the evidence lies; but its duty begins and ends with a determination of whether there is any substantial evidence, whether contradicted or uncontradicted, which supports the finding of fact. ██ The test is not whether there is substantial conflict in the evidence but whether there is substantial evidence in favor of the respondent. (See *McKinley* v. *Buchanan,* 176 Cal.App.2d 608, 611-612 [1 Cal.Rptr. 573], for a list of recent authorities on the subject.)

The court did not make express findings upon each of the factors above mentioned, contenting itself with the general finding above set forth to the effect that only 20 days of the delay was not justified. Therefore we are required to determine whether there is substantial evidence to support the implied finding that a sufficient number of the factors were not plaintiff's fault and excused 49 days of the delay.

██ We will consider the main factors to which plaintiff claimed the delay was due: (1) The failure of defendants to remove a house on defendants' adjoining property which the plans and specifications show was to be removed and which plaintiff testified that defendants' architect assured him would be removed so that the area covered could be used by plaintiff for access to the rear of the building to be constructed.

As to this issue plaintiff and his witnesses testified that the work was delayed three weeks as material had to be brought in from the front of the lot and through the building as it was being constructed; that while he endeavored to use an adjoining driveway and alley such use was not satisfactory as a truck mired in the mud. Also the owner of the driveway refused him permission to use it. (See *Greathouse* v. *Daleno* (1922), 57 Cal.App. 187 [206 P. 1019], where it was held that the

failure of the owner to remove trees, which he was to remove, excused timely performance by a contractor who was to level and grade the property.) Defendants' architect testified that the house was to be removed only in time for the paving which was to be done later than the construction of the building. Defendants' witnesses testified that the work was not delayed by the presence of the house. Moreover, defendants contend that in a request made by plaintiff for an extension of time (which was denied) plaintiff only mentioned the inclement weather as the reason for the request. Therefore the house situation must be held to have had nothing to do with the delay. This was a matter for the trial court to consider in connection with all the other evidence.

(2) The defendants' architect signed three change orders. One added painting to the contract, colors to be selected by defendants. Plaintiff testified that although in the latter part of January he requested the colors from the architect he did not receive them until February 24. Under the second order, defendants undertook to provide certain work involving aluminum frames, glazing and the jalousies on the front of the store. Plaintiff testified that he was delayed two to three weeks because the architect was two weeks late in submitting details to plaintiff who was to prepare the wooden frames for the aluminum work and that there were delays in furnishing the proper jalousies and in the installation of the glass, both defendants' obligations. Plaintiff could not complete the store until the front was installed. Order 3 provided for an enlargement of an upstairs office and reduction in area of an adjacent room. Defendants' principal contentions concerning these change orders are (1) that they never signed them. However, their architect, who was given such authority in the contract, did, and hence their not signing them is of no importance. (2) That the change orders recited that there was to be no change in the contract time, and the contract itself provided that no extension of time would be granted. However, order 3 was dated February 1, which was after the contract date of completion. It necessarily was a waiver of the time set for completion. (See *McGinley* v. *Hardy* (1861), 18 Cal. 115, to the effect that extra work or a change order may operate to extend time for completion of a building.)

(3) Firewalls. Although the masonry subcontractor testified that he was delayed a week through plans which the architect admitted were faulty, there is no evidence that this delay caused any delay in plaintiff's over-all work, and the court

so stated. So defendants' contentions concerning this matter need not be considered further.

The evidence presented by defendants concerning all of the above factors created at most a conflict in the evidence, which conflict the court probably could have decided either way. We cannot say that as a matter of law the evidence compels a conclusion in favor of defendants.

Defendants attacked the credibility of plaintiff's witnesses as contrasted to that of defendants' witnesses. ▪ The weight to be given to testimony and the determination of the credibility of witnesses are matters for the trial court. Plaintiff's witnesses' testimony does not appear so improbable as to warrant interference by this court.

▪ A promisor's delay in performance is excused to the extent acts of the promisee caused such delay. (Civ. Code, § 1511; *Unruh* v. *Smith* (1954), 123 Cal.App.2d 431, 437 [267 P.2d 52].) While there was delay due to the inclement weather, a risk which plaintiff assumed (the court evidently took this fact into consideration in charging plaintiff with unexcused delay for 20 days), there is substantial evidence to support the court's finding that the rest of the delay was not due to the weather or to plaintiff's alleged incompetence.

As the foregoing factors support the judgment and in turn are supported by the evidence, we deem it unnecessary to discuss the effect of defendants' failure to make the progress payments on time.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.