[L. A. No. 26950. In Bank. Feb. 28, 1963.]

PETER KIEWIT SONS' COMPANY, Plaintiff and Respondent, v. PASADENA CITY JUNIOR COLLEGE DISTRICT OF LOS ANGELES COUNTY, Defendant and Appellant.

Harold W. Kennedy, County Counsel, and James W. Briggs, Deputy County Counsel, for Defendant and Appellant.

Robert E. Reed, Harry S. Fenton, Kingsley T. Hoegstedt and Orrin F. Finch as Amici Curiae on behalf of Defendant and Appellant.

Latham & Watkins and Ira M. Price II for Plaintiff and Respondent.

GIBSON, C. J.—Defendant, a junior college district, entered into a contract to pay plaintiff $1,071,325 for the construction of school facilities. The final payment of approximately $137,000 was withheld by defendant, and this action was brought to recover that sum plus interest and $600 for additional work and materials furnished by plaintiff. Defendant thereafter paid plaintiff $102,523.61 of the sum withheld but retained the remainder, claiming certain offsets. The trial court, sitting without a jury, found for plaintiff with respect to most of the items in dispute, and defendant appeals from the judgment, which awards plaintiff $30,204.80 and specified sums as interest. The principal question presented concerns the effect, if any, to be given to a provision of the contract that, if the work was not completed within the time specified (300 days after notice to start work), the sum of $25 was to be deducted from the final payment as liquidated damages for each day's delay after the expiration of that period until final acceptance by defendant. The agreement also provided that, if plaintiff considered itself entitled to an extension of time for any cause, it must submit in writing to the architect and defendant an application for such extension. Extensions were to be granted only for delays resulting from causes beyond plaintiff's control, including, among other things, strikes, alterations of the work delaying completion, and "any act of neglect, duty, or default" of defendant.

The work was not completed within the time specified, nor within the time allowed by extensions granted by defendant. However, the trial court, in concluding that defendant was not entitled to liquidated damages, found that the late completion was caused by matters beyond plaintiff's control and was entirely excusable. Defendant concedes that the evidence is sufficient to support this finding if it is proper to take into account various delays caused by defendant's conduct as to which plaintiff did not request extensions of time in accordance with the contractual provision set forth above. It is argued that plaintiff cannot be excused in the absence of compliance with that contractual provision.

Section 1511 of the Civil Code provides in subdivision 1 that any delay in the performance of an obligation "is ex-

cused" when performance is delayed by "the act of the creditor . . . *even though there may have been a stipulation that this shall not be an excuse."* (Italics added.) An owner who is a party to a construction contract is a creditor within the meaning of section 1511 (*Semas* v. *Bergmann,* 178 Cal.App.2d 758, 762 [3 Cal.Rptr. 277]), and, as the italicized portion of the section makes clear, a provision in an agreement that the contractor is not to be excused for late completion caused by the owner is rendered inoperative by the statute. A provision in a contract which would require the contractor to make an application for an extension of time before he may be excused for a delay caused by the owner's conduct would obviously constitute a substantial limitation on the policy declared by section 1511.

In commenting on a case (*Progressive Builders, Inc.* v. *District of Columbia,* 258 F.2d 431) where, in the absence of a statute like section 1511, it was held that a contractor who had not complied with a provision for written notice of the cause of a delay was liable although the delay was caused by the government, a leading authority states: "It seems like pretty tough governmental policy to interpret the contract provision so that the contractor's failure to give notice that the defendant was obstructing completion on time should not only deprive the contractor of his right to damages for such obstruction, but also justify the defendant in withholding a large part of the contract price as 'liquidated damages' for a delay caused by the defendant itself." (See 5 Corbin on Contracts (1951) § 1074 [1962 Supp. pp. 50-51, fn. 24].)

*Roberts* v. *Security T. & S. Bank,* 196 Cal. 557, 571-573 [238 P. 673], which contains language to the effect that a contractor may not be excused for delays caused by the owner where the contractor had failed to comply with a provision requiring him to apply for extensions of time, did not mention section 1511 of the Civil Code, and the decision rests largely on the ground that, under another contractual provision, the architect on the job had made a binding factual determination that a delay was not justified. The case of *Suhr* v. *Metcalfe,* 33 Cal.App. 59, 67-68 [164 P. 407], although it mentions section 1511, erroneously concluded, without analysis or citation of authority, that the section was not applicable to acts of an owner causing late completion of a construction contract. Decisions from other jurisdictions relied on by defendant do not appear to have involved a statute like section 1511.

(*Wm. P. Jungclaus Co.* v. *Ratti,* 67 Ind. App. 84 [118 N.E. 966, 968-969]; *Ward* v. *Haren,* 139 Mo. App. 8 [119 S.W. 446, 447 et seq.]; *Trauts Realty Corp.* v. *Casualty Co. of America,* 166 N.Y.S. 807, 809; *Austin-Griffith, Inc.* v. *Goldberg,* 224 S.C. 372 [79 S.E.2d 447, 452-453].)

▮ It should be pointed out that, in the absence of a contractual provision for extensions of time, the rule generally followed is that an owner is precluded from obtaining liquidated damages not only for late completion caused entirely by him but also for a delay to which he has contributed, even though the contractor has caused some or most of the delay. (See 5 Williston on Contracts (3d ed. 1961) p. 764; 15 Am.Jur. 696; 152 A.L.R. 1349, 1359.) Acceptance of the reasoning urged by defendant would mean that, solely because there has been noncompliance with an extension-of-time provision, the position of an owner could be completely changed so that he could withhold liquidated damages for all of the period of late completion even though he alone caused the delay.

▮ Noncompliance with a provision requiring an application for an extension of time is not a proper basis for holding a contractor liable in liquidated damages for late completion caused by the owner's conduct. The cases of *Roberts* v. *Security T. & S. Bank, supra,* 196 Cal. 557, and *Suhr* v. *Metcalfe, supra,* 33 Cal.App. 59, are disapproved insofar as they are inconsistent with this view.

It follows from what we have said that the trial court's finding of excusability must be upheld. This means not only that the denial of liquidated damages must be affirmed but also that defendant is not entitled to any actual damages for late completion.* There is no need to determine whether the denial of liquidated damages could also be affirmed on the ground that the provision for such damages was invalid or that defendant waived compliance with the provision for extensions of time.

One of the matters in controversy other than the denial of liquidated damages is an award to plaintiff of interest on the sum of $102,523.61, which was paid to plaintiff on May 3, 1958, after commencement of this action. Under the agreement, final payment on the contract price was to be made

---

*Defendant claimed actual damages, apparently as an alternative to enforcement of the provision for liquidated damages, and the trial court determined that no award for actual damages was justified.

by defendant 35 days after the date of "acceptance of the work by the Owner," found by the trial court to be May 8, 1957. The court thus awarded plaintiff interest on $102,-523.61 from June 12, 1957, until May 3, 1958.

We cannot accept defendant's assertion that the $102,523.61 was not a sum certain owing to plaintiff on June 12, 1957, and that, therefore, the award of interest was improper. Although the final payment of approximately $137,000 was in dispute to some extent on June 12, 1957, the record clearly warrants the conclusion that plaintiff's right to the sum of $102,523.61 was not in controversy since the money withheld in excess of that sum was adequate to satisfy all the offsets claimed by defendant.

Defendant also challenges the interest award on the ground that the evidence is insufficient to show that defendant accepted the work on May 8, 1957. This contention rests largely on the fact that the governing board of defendant did not formally accept the work until January of 1958, designating October 3, 1957, as the acceptance date. Obviously, however, acceptance may not be arbitrarily delayed to the prejudice of a contractor, and work should be viewed as accepted when it is finished even though a governmental body specifies a later date. (See *Byson* v. *City of Los Angeles*, 149 Cal.App.2d 469, 473 [308 P.2d 765]; 13 McQuillin on Municipal Corporations (3d ed. 1950) pp. 426-427.) There is sufficient evidence to support the trial court's finding that the work was to be regarded as completed on May 8, 1957.

Another item in dispute is an award of $600 beyond the contract price with respect to the type of window installed by plaintiff. The plans and specifications prepared by defendant were inconsistent as to the type of window to be used, and plaintiff, with the approval of defendant's architect, made its bid on the basis of one of the alternatives. A. J. Glaser, who was defendant's representative on the job, insisted on the other alternative, although notified by plaintiff that an increase in cost would be involved. Plaintiff installed the type of window required by Glaser and, under the circumstances, it was proper to compensate plaintiff for the increased cost, which the court found on sufficient evidence amounted to $600.

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.