Filed 7/21/15  Barham Construction v. City of Riverbank CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BARHAM CONSTRUCTION, INC., et al., Plaintiffs, Cross-defendants and Respondents, v. CITY OF RIVERBANK, Defendant, Cross-complainant and Appellant. | F068373 (Super. Ct. No. 350298) **OPINION** |
| BARHAM CONSTRUCTION, INC., Plaintiff, Cross-defendant and Respondent, v. CITY OF RIVERBANK, Defendant, Cross-complainant and Appellant. | F068914 |

APPEAL from a judgment and orders of the Superior Court of Stanislaus County. Roger M. Beauchesne, Judge.

Costanzo & Associates and Neal E. Costanzo for Defendant, Cross-complainant and Appellant.

Cassinat Law Corporation, John E. Cassinat and Ronald L. Carello for Plaintiff, Cross-defendant and Respondent Barham Construction, Inc.

Rivera & Associates and Jesse M. Rivera for Plaintiff, Cross-defendant and Respondent Nationwide Mutual Insurance Company.

-ooOoo-

Appellant, City of Riverbank, appeals for the second time from the judgment against it in an action based on alleged breaches of a construction contract. In the first appeal,[1] we reversed and remanded with directions for the trial court to make specific determinations. The trial court made the determinations and entered judgment. It then made awards of costs and contractual attorney fees to the prevailing parties. Appellant appeals from the judgment, contending the trial court was required to reopen and redetermine basic liability issues, either because the judgment on appeal required this or because it was made necessary by a subsequent change in the law. Appellant also appeals from the orders awarding costs and attorney fees. We conclude the trial court properly interpreted the scope of the remand order and its scope was not expanded by any subsequent change in the law. Further, appellant has not established any abuse of the trial court's discretion in the awards of attorney fees and costs. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Barham Construction, Inc. (Barham) was the general contractor on a skate park project for the City of Riverbank (Riverbank). The project was not completed by the date specified in the contract between the parties. Riverbank withheld funds from its final payment to Barham, contending the contract entitled it to liquidated damages for the delay. Barham withheld funds from its payments to the grading subcontractor, Ragsdale & Sons, Inc. (Ragsdale), contending the delay in completion of the project was attributable to Ragsdale. Ragsdale sued Barham to recover the unpaid balance on its

---

[1] *Barham Construction, Inc. v. City of Riverbank* (Aug. 8, 2011, F058692).

2.

contract. Barham sued Riverbank for breach of contract to recover the balance it contended was still due on its contract. Riverbank cross-complained against Barham and its bond provider, Nationwide Mutual Insurance Company (Nationwide). It sought recovery for Barham's delay in performance, failure to pay Ragsdale, and breach of warranty based on alleged defects in the construction. Riverbank also sought recovery from Nationwide on Barham's performance and payment bonds. The Ragsdale and Barham actions were consolidated.

After a court trial, the trial court found there were three main delays in the critical path of the construction project. It concluded Riverbank was solely or concurrently responsible for all three and awarded damages to Barham on its complaint. It entered judgment in favor of Ragsdale on its complaint against Barham. The trial court found in favor of Barham and Nationwide on Riverbank's cross-complaint for breach of warranty, concluding there were no defects in the construction. It made an award of contractual attorney fees from Riverbank to Barham on the complaint, and an award from Riverbank to Barham and Nationwide on the cross-complaint. It also awarded Barham as damages the attorney fees Barham was ordered to pay to Ragsdale because it was the prevailing party on Ragsdale's complaint.

Riverbank appealed from the judgment and from the postjudgment orders awarding attorney fees. In that appeal, we affirmed the judgment in favor of Ragsdale, and Ragsdale's action is no longer in issue. We determined Barham was responsible for one of the major delays: late delivery of the prefabricated restroom. We reversed the judgment in favor of Barham and Nationwide and the order awarding them attorney fees on the cross-complaint. We remanded the matter to the trial court with directions to make nine specific determinations and to enter the remainder of the judgment in accordance with its prior determinations that were unaffected by the appeal.

On remand, the parties disagreed about the scope of the issues the trial court was to determine. After extensive briefing, the trial court issued two amended statements of

decision and two judgments, separately addressing Barham's complaint and Riverbank's cross-complaint. As to the complaint, the court found Barham was responsible for 28 days of the restroom delivery delay, and this was a critical path delay. Accordingly, it found Riverbank was entitled to liquidated damages of $500 per day for 28 days, for a total award of $14,000. It offset the original award of $155,467.21 damages to Barham by that amount, and awarded Barham damages of $141,467.21. It also revised the award of prejudgment interest.

Barham and Nationwide sought recovery of their costs and attorney fees. Riverbank also moved for an award of attorney fees as a prevailing party, contending Ragsdale's judgment against Barham for payment of the balance due on its subcontract established that Barham breached the construction contract with Riverbank by failing to pay a subcontractor; therefore Riverbank contended it was the prevailing party on that claim, entitling it to attorney fees. Additionally, the trial court determined that Nationwide was liable to Riverbank on the payment bond, so Riverbank sought attorney fees for prevailing on that claim.

After extensive briefing, the trial court entered its order on the attorney fees motions. It awarded Barham attorney fees for prevailing on the complaint and on the warranty claim in the cross-complaint; it made no award of attorney fees to Nationwide. It awarded Riverbank, as the prevailing party on the payment bond claim in the cross-complaint, attorney fees from Nationwide.

Riverbank appeals from the judgment against it, and from the attorney fee awards made in its favor and against it.

## DISCUSSION

### I. Appeal from the judgment on the complaint

#### A. *Compliance with our directions in the disposition of the prior appeal*

The court of appeal "may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new

4.

trial or further proceedings to be had." (Code Civ. Proc., § 43; accord, Code Civ. Proc., § 906.) The court's decision is embodied in the disposition section of its opinion, which constitutes the judgment on appeal. (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 312.) The orders and directions of the court contained in the disposition are conveyed to the trial court by the remittitur, and must be followed on remand. (*Id*. at pp. 312-313.) The remittitur defines the scope of the jurisdiction of the court to which the matter is returned. (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859 (*Ayyad*).) "[W]hen an appellate court remands a matter with directions governing the proceedings on remand, 'those directions are binding on the trial court and *must* be followed. Any material variance from the directions is unauthorized and void.'" (*Id*. at p. 860.)

Thus, when the remittitur issued and the matter was remanded to the trial court after the prior appeal, the trial court had jurisdiction only to take the actions directed by this court. Riverbank's current appeal from the judgment on the complaint addresses only the first four of the nine issues the disposition of the prior appeal directed the trial court to determine: "(1) the length of the delay attributable to Barham, in light of our conclusion that Barham was responsible for the delay in delivery and installation of the restroom; (2) whether and in what amount Barham is liable for liquidated damages for the delay attributable to it; (3) the amount recoverable by Barham on the contract, as offset by any liquidated damages imposed; (4) the appropriate amount of prejudgment interest to be awarded to Barham, based on the balance due to Barham after any offset for liquidated damages."

Riverbank contends the trial court was to attribute the entire delay in "delivery and installation" of the restroom to Barham. The trial court found Barham was responsible for the restroom delivery delay only during the period from November 18 to December 16, 2003. Riverbank asserts installation was not completed until March 18, 2004, when the electricity was hooked up and operative. Thus, it contends the trial court should have

5.

attributed the entire period from October 28, 2003, to March 18, 2004, to Barham's delay and should have imposed liquidated damages against Barham for that entire period.

Whether the trial court correctly interpreted the dispositional language in our prior opinion in this action is subject to de novo review. (*Ayyad, supra*, 210 Cal.App.4th at p. 859.) "The trial court's interpretation of those directions is not binding on us. [Citation.] We look to the wording of our directions to determine whether the trial court's order comports with them. [Citation.] When, as in this case, the reviewing court remands the matter for further proceedings, its directions must be read in conjunction with the opinion as a whole." (*Ibid*.)

### 1. Issue (1)

The first issue the trial court was to address on remand was the length of the delay for which Barham was responsible due to the delay in delivery and installation of the restroom. According to our prior opinion, the trial court found the restroom was delivered and installed on December 16, 2003, although it was not fully operational until the electrical connection was completed in March 2004. We observed:

> "Barham also argues that … the delay in delivery of the restroom was concurrent with the Santa Fe elevation delay for which the trial court found Riverbank responsible. The trial court, however, did not expressly find that the restroom delivery delay was concurrent with the Santa Fe elevation delay. The trial court found the restroom delivery delay was the first critical path delay, referring to it as '[t]he gorilla in the room.' The period of that delay ran from October 28, 2003, to December 16, 2003. The court found the CMU wall delay ran from October 10, 2003, through November 18, 2003, and was concurrent with the restroom delivery delay. It found the Santa Fe elevation issue was first identified on October 24, 2003, but did not become critical until December 16, 2003. At that point, it became the controlling critical activity, until June 8, 2004. If Barham, rather than Riverbank, is chargeable with the restroom delivery delay, it is not clear which party or parties the trial court would have found to be wholly or partially chargeable with the delay between November 18, 2003, and December 16, 2003."

6.

The passage recognized that the restroom delivery delay ran from October 28 to December 16, 2003, but other delays overlapped or ran concurrently during that time period. Because the trial court originally attributed all of the delays to Riverbank, it did not make express findings regarding which was the controlling critical path delay during some of that time period. Our remand required the trial court to make that limited determination and recalculate the portions of the judgment affected by it: the liquidated damages to which Riverbank was entitled, the damages to be awarded to Barham after deducting the liquidated damages, and prejudgment interest.

The trial court previously determined the Santa Fe elevation delay was the controlling critical path delay after December 16, 2003. On remand, it reiterated its finding the CMU wall delay, for which Riverbank was responsible, ran concurrently with the restroom delay from October 28 to November 18, 2003, and therefore Barham could not be charged with the delay during that time period. In keeping with our directions on remand, the trial court determined Barham was solely or primarily responsible for the 28-day delay between November 18 and December 16, 2003, because the restroom delivery and installation delay was a critical path delay. This determination complied with the directions in the judgment in the prior appeal. We find no error in the trial court's determination.

### 2. Issue (2)

The second issue on remand required the trial court to determine the amount of liquidated damages for which Barham was liable based on the length of the delay attributable to it. In response, the trial court awarded liquidated damages of $500 per day for the 28-day period between November 18 and December 16, 2003, for a total of $14,000. The trial court's determination was consistent with the construction contract and with the directions in the judgment in the prior appeal. Barham has not established any error.

7.

### 3. Issue (3)

The third issue to be addressed on remand was the amount to be awarded to Barham, as offset by the liquidated damages awarded to Riverbank. The amount originally awarded to Barham without offset was $155,467.21. Deducting the $14,000 in liquidated damages, results in a damage award to Barham of $141,467.21. This is the amount the trial court awarded to Barham in the judgment on the complaint. It is consistent with the judgment in the prior appeal, and we find no error.

### 4. Issue (4)

The fourth issue the trial court was directed to determine was the amount of prejudgment interest to be awarded to Barham based on the damages awarded to it after offset. The trial court recalculated prejudgment interest on the new judgment amount, and awarded $67,937.03. Riverbank does not challenge the new amount.

We conclude the trial court, in making the determinations reflected in its statement of decision and the judgment on Barham's complaint, acted properly and in conformity with the directions set out in the disposition of the prior appeal. Riverbank has failed to establish any error.

### B. *Effect of a change in the law*

Riverbank's second argument for reversal of the judgment on the complaint is that there was a change in the law between issuance of the remittitur in the prior appeal and entry of the trial court's judgment on remand, and the trial court should have applied the new law, redetermined all the issues in the case affected by it, and entered an entirely new judgment in favor of Riverbank. The law does not support Riverbank's argument.

Riverbank's argument relies on the law of the case doctrine. The law of the case doctrine provides that, when an appellate court, in its opinion deciding an appeal, states a rule of law necessary to the decision, it conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case. Both the trial court and the appellate court must adhere to the rule in

8.

subsequent proceedings in the case.  (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1364-1365 (*Dutra*); *Lucky United Properties Investment, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 651.)  Riverbank asserts law of the case does not establish facts, so the trial court on remand was not bound by prior factual findings.  Further, Riverbank maintains the doctrine is not jurisdictional, so it can be disregarded in certain circumstances, including when a change in the law, or new law, was made after the prior appeal.  Riverbank contends *Greg Opinski Construction, Inc. v. City of Oakdale* (2011) 199 Cal.App.4th 1107 (*Opinski*), a decision issued by this court two months after our decision in the prior appeal in this case, changed the law applicable to time extensions in construction contracts containing provisions similar or identical to those in the contract between Barham and Riverbank.  Riverbank contends that trial court on remand should have followed the *Opinski* decision, found Barham was not entitled to any extensions of the contract completion time, and awarded Riverbank liquidated damages for the entire period of delay.

Opinski* involved a dispute between a city and the general contractor on its construction project.  (*Opinski, supra*, 199 Cal.App.4th at p. 1109.)  The trial court awarded the city liquidated damages for delays in completion of the project.  It refused to consider whether the city had caused the delays, because the contract required the contractor to obtain any extensions of time by applying for change orders, and the contractor had not done so.  The contractor relied on *Peter Kiewit Sons' Co. v. Pasadena City Junior College Dist.* (1963) 59 Cal.2d 241 (*Kiewit*) in arguing that an owner is not entitled to damages for late completion of construction if the delay was caused by the owner's conduct, even if the contract required extensions of time to be requested pursuant to procedures set out in the contract and the contractor did not make such a request. (*Ibid.*)  *Opinski* held this portion of the *Kiewit* decision "was superseded by a 1965 amendment to Civil Code section 1511, which allows parties to specify in a contract that a party intending to avoid the effect of its failure to perform by asserting that the other

9.

party's act caused the failure must give written notice of this intention within a reasonable time." (*Opinski, supra*, 199 Cal.App.4th at p. 1109.) Accordingly, it was proper for the trial court to give effect to the contractual provisions requiring that the contractor request a change order if it wished to obtain an extension of the contract time. The contractor had not made such a request, so the trial court did not err in enforcing the contractual provisions, which allocated to the contractor the risk of delays when the contractor failed to follow the required procedures for notifying the owner of its intent to claim the right to an extension. (*Id*. at pp. 1117-1118.)

Riverbank contends the contract in *Opinski* contained provisions identical to those in the contract between Riverbank and Barham requiring that the contractor request and obtain a change order in order to obtain an extension of time for completion of the contract. Riverbank contends Barham, like the contractor in *Opinski*, failed to obtain a change order extending the contract completion date for any of the critical path delays the trial court found were the responsibility of Riverbank. Thus, Riverbank concludes, all of the delays must be charged to Barham.

The law of the case doctrine is not jurisdictional. (*Dutra, supra*, 145 Cal.App.4th at p. 1365.) The court will not adhere to the doctrine when its application will result in an unjust decision, such as where existing law has been misapplied, resulting in a substantial injustice, or where a change in the law has occurred after remand. (*Ibid*.) However, the rule requiring the trial court to follow the directions in the disposition portion of the appellate decision, as conveyed to the trial court in the remittitur, is jurisdictional. (*Id*. at p. 1367.) After issuance of the remittitur, the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court. (*Id*. at p. 1366.) The trial court's jurisdiction is so limited regardless whether the trial court believes the appellate court's decision to be right or wrong, or impaired by subsequent decisions. (*Id*. at p. 1367.) A trial court may not disobey a remittitur, as that would

amount to overruling the appellate court's decision, which a court of inferior jurisdiction may not do. (*Id.* at p. 1362.)

> "The terms of the remittitur define the trial court's jurisdiction, not law of the case. The force of the remittitur does not depend on, nor is it limited by the law of the case: 'Where a reviewing court reverses a judgment with directions … the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.'" (*Dutra*, *supra*, 145 Cal.App.4th at p. 1367.)

Our directions to the trial court after the first appeal required it to make specific determinations, none of which involved whether Barham properly requested or obtained a change order pursuant to the procedures set out in its contract with Riverbank. Thus, the trial court did not have jurisdiction to reconsider and redetermine that issue, regardless whether there was a subsequent change in the law, as contended by Riverbank.

Moreover, *Opinski* is distinguishable. It determined the contractor was required to obtain a change order to extend the time within which it was to complete the construction, but the contractor had not even requested a change order pursuant to either of the procedures set out in the contract. In this case, the trial court determined Barham did request change orders extending the time for completion of the project, but Riverbank improperly denied them. Nothing in *Opinski* addressed or changed the law regarding the means by which a contractor complies with contractual procedures for requesting a change order, and nothing in *Opinski* requires a change in the outcome of this case. Riverbank has not established any error in the judgment on the complaint.

## II. Appeal from awards of attorney fees and costs

Attorney fees may be awarded to the prevailing party as part of an award of costs, when an award of fees is authorized by contract. (Code Civ. Proc., §§ 1032, subd. (b), 1033.5, subd. (a)(10)(A); Civ. Code, § 1717, subd. (a).) The fees awarded must be reasonable in amount and reasonably necessary to the conduct of the litigation. (Code Civ. Proc. § 1033.5, subd. (c)(2) & (3).) The amount of the fee award is reviewed for

11.

abuse of discretion. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.) The trial court's award is presumed to be correct on appeal. (*Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1274 (*Cruz*).)

"The amount to be awarded as attorney's fees is left to the sound discretion of the trial court. The trial judge is in the best position to evaluate the services rendered by an attorney in his courtroom; his judgment will not be disturbed on review unless it is clearly wrong." (*Vella v. Hudgins* (1984) 151 Cal.App.3d 515, 522.) "Reasonableness of the fee is determined by looking to a variety of factors: "'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded [citation]; the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed.""" (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 558 (*Martino*).)

After entry of judgment on remand, Barham as plaintiff, through attorney Cassinat, moved for an award of attorney fees for its work prosecuting the complaint; Riverbank opposed the motion. Cassinat also filed a memorandum of costs, and Riverbank moved to strike or tax it. The trial court noted the previous award of attorney fees to plaintiff Barham was $215,000, and Barham was requesting an additional $19,455 in postappeal attorney fees. It awarded plaintiff Barham $209,064 in attorney fees on remand.

Barham as cross-defendant, through attorney Rivera, also moved for an award of attorney fees, and filed a belated memorandum of costs along with its reply brief on the motion for attorney fees. Riverbank opposed Rivera's motion and orally objected to the late filing of the memorandum of costs. The trial court awarded cross-defendant Barham attorney fees of $192,000 for defense of the breach of warranty claim; it awarded $12,388.92 in costs, taking judicial notice of the memorandum of costs filed by Barham

12.

prior to the first appeal and finding Barham was not required to file a new memorandum of costs on remand.

Riverbank moved for an award of attorney fees as a prevailing party as well. It contended Ragsdale's judgment against Barham for payment of the balance due on its subcontract established that Barham breached the construction contract with Riverbank by failing to pay a subcontractor; therefore Riverbank was the prevailing party on that claim, and was entitled to attorney fees. Additionally, the trial court had determined on remand that Nationwide was liable to Riverbank on the payment bond, so Riverbank sought attorney fees for prevailing on that claim. The trial court awarded Riverbank $16,030.65 in attorney fees related to the payment bond claim, which was 10 percent of the amount requested.

**A.      *Award of attorney fees to Barham for prevailing on breach of warranty claim in Riverbank's cross-complaint***

Riverbank challenges the attorney fee award to Barham for prevailing on the claim in Riverbank's cross-complaint alleging defective construction. Originally, the trial court made a joint award to Barham and Nationwide for prevailing on the breach of warranty and performance bond claims in Riverbank's cross-complaint. The decision in the prior appeal determined Nationwide was not entitled to an award of attorney fees in connection with the warranty claim. Riverbank alleged Nationwide was liable to it on the performance bond it issued to Barham, which obligated Nationwide to pay Riverbank for its claims against Barham in the event Barham failed to do so. The performance bond, however, did not contain a provision for recovery of attorney fees by the prevailing party. Accordingly, the disposition in the prior appeal directed the trial court to eliminate the award of attorney fees to Nationwide for defending against Riverbank's performance bond claim.

On remand, the trial court awarded Barham $192,000 for its attorney fees incurred in defending the breach of warranty cross-complaint, a $6,000 reduction from the

13.

$198,000 previously awarded to Barham and Nationwide. Riverbank contends the trial court should have reduced the original award of attorney fees for the breach of warranty and performance bond claims by 50 percent on remand. It asserts a surety's liability is secondary and derivative; when it is required to pay on the bond, it is liable to the same extent as its principal. Consequently, Riverbank concludes, Barham and Nationwide faced the same potential liability, and everything that was done to defend Barham from the warranty allegations protected Nationwide equally against liability on the performance bond.

In the trial court, "the burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable." (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 98.) On appeal, however, we presume the judgment is correct and the appellant must establish prejudicial error. (*Id.* at p. 67.) "'In reviewing an award of attorney fees, the amount awarded by the trial court will not be set aside absent an affirmative showing of abuse of discretion in that the award is "manifestly excessive in the circumstances."'" (*Cruz, supra,* 155 Cal.App.4th at p. 1274.) Riverbank has not demonstrated any such error.

In Barham's motion for attorney fees on remand, attorney Rivera, who represented Barham on the warranty cross-complaint, submitted a declaration in which he stated he had reviewed the fee documents submitted in support of the motion for attorney fees made prior to the first appeal and found no more than 50 hours were spent on the defense of Nationwide. Barham asserted that amounted to no more than $7,000. Barham stated no discovery was ever directed to Nationwide, and the only evidence submitted against Nationwide at trial was the performance and payment bonds themselves.

Riverbank asserts Rivera's declaration "contains nothing but hearsay, conclusion, and Rivera's opinions" about the content of documents submitted in support of the fee claims. It contends the documents submitted by Barham were not copies of billings actually sent to the client, but "some form of internal recordation of hours of time spent

14.

by persons in Rivera's firm without any indication of what the time was spent on." Riverbank suggests these documents are unreliable and too general; they do not specifically identify the tasks performed or the issues to which they relate.

"In California, an attorney need not submit contemporaneous time records in order to recover attorney fees …. Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (*Martino, supra*, 182 Cal.App.3d at p. 559.) It is recommended, however, that the attorney present evidence of the services actually performed, including information about "the number of hours worked, billing rates, types of issues dealt with and appearances made on the client's behalf." (*Ibid.*) With its original motion for attorney fees, Barham, as cross-defendant, filed Rivera's declaration summarizing the number of hours worked and billing rates of the attorneys who performed work on the case. Barham subsequently filed another declaration with its reply papers, and attached to it over 300 pages of invoices for the case, with inapplicable charges redacted. On remand, Barham filed a motion for attorney fees, again supported by a declaration of Rivera. Rivera referred to the billings submitted in support of the previous motion, and represented he had reviewed them and redacted billings that were not related to the defense of Barham as a cross-defendant. In a supplemental declaration filed with his reply papers, Rivera requested that the trial court take judicial notice of the billing records submitted with the prior motion for attorney fees.

The trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles. (*Gorman*, *supra*, 178 Cal.App.4th at p. 92.) In its order, the trial court stated that it considered the relevant factors in reaching its decision. Among the factors to consider are: the necessity for the litigation, the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and other circumstances in the case. (*Gorman, supra,* 178 Cal.App.4th at p. 64.)

The same judge who ruled on the attorney fee motion had presided at the trial and had observed the amount of time and effort expended by the parties in addressing each of the issues before the court. He was aware of the nature and complexity of the various issues, the parties' respective positions on the issues, and the parties' relative successes in the outcome. Based on the proceedings before it, the trial court was in a position to judge the credibility of counsel's statements under penalty of perjury concerning the hours billed, the billing rates, and the work performed, as well as his representation that no more than 50 hours were spent in the defense of Nationwide on the performance bond claim.

The trial court was not required to apportion the fees equally between Barham and Nationwide. "'Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action.'" (*Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 555 (*Thompson*).) Fees need not be apportioned, however, "'when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to the [issues common to all causes of action] qualify for award.' [Citation.] Thus, allocation is not required when the issues are 'so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not.'" (*Ibid*.) Allocation is within the trial court's discretion; its discretion is abused only when the decision exceeds the bounds of reason when all relevant circumstances are considered. (*Ibid*.)

Barham was potentially liable to Riverbank on the warranty, if its construction was defective. Nationwide was potentially liable on the performance bond, if Barham was liable for breach of warranty and failed to meet its obligation to compensate Riverbank for that breach. Thus, issues of defective construction and breach of warranty were common to the liability of both Barham and Nationwide. Riverbank concedes

16.

Nationwide's liability was derivative of Barham's, the same evidence of Barham's conduct was relevant to Nationwide's liability under the performance bond, and work performed in defending Barham also benefited Nationwide. Riverbank concedes the services performed by Rivera benefited the defense of both Barham and Nationwide. Thus, the issues relevant to the claims against them were "so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not." (*Thompson*, *supra*, 155 Cal.App.4th at p. 555.)

We conclude Riverbank has not established that the trial court abused its discretion by permitting Barham to recover substantial fees incurred in litigating issues common to Barham and Nationwide that arose out of the breach of warranty cross-complaint.

### B. *Timeliness of Barham's motion for attorney fees*

Riverbank next contends Barham's motion for attorney fees on the complaint was not timely filed. A motion for attorney fees must be filed within the time for filing a notice of appeal, which is generally within 60 days after notice of entry of the judgment has been served, or within 180 days of entry of judgment, if no notice of entry is served. (Cal. Rules of Court, rules 3.1702(b)(1), 8.104(a)(1).) The judgment was entered in two separate documents: one identified as the judgment on Barham's complaint against Riverbank and the other identified as the judgment on Riverbank's cross-complaint against Barham and Nationwide.[2] Notice of entry of judgment on the cross-complaint was served first; notice of entry of judgment on the complaint was served about a week later. Riverbank contends Barham's motion for attorney fees was filed within 60 days of service of notice of entry of the second judgment (on the complaint), but not within 60

---

**2** There was some overlap in the judgments, however; the judgment on the complaint included an offset against Barham's damages for the liquidated damages Barham was found obligated to pay to Riverbank based on claims made in Riverbank's cross-complaint.

days of service of notice of entry of the first judgment (on the cross-complaint). Riverbank cites the "one judgment rule" and asserts the two documents together constituted a single final judgment in the action. Without citation of authority, Riverbank then claims the time for filing the motion for attorney fees began to run when notice of entry of the first portion of the judgment was served. Since it was not filed within 60 days of that notice, Riverbank concludes the motion was not timely filed and should not have been granted.

"Under California's 'one final judgment' rule, a judgment that fails to dispose of all the causes of action pending between the parties is generally not appealable." (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100.) The rule applies even when the remaining causes of action have been severed for separate trial or may be characterized as separate and independent of those on which judgment has been entered. (*Id*. at p. 1101; *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743.) Thus, the one final judgment in an action does not exist until all of the causes of action have been disposed of. We conclude that, when judgment on different portions of the action is entered separately, and notice of entry of each portion of the judgment is given separately, notice of entry of the final appealable judgment has not been given until notice of both portions of the judgment has been given. Accordingly, the time for filing a notice of appeal, which is also the time for filing a motion for attorney fees, does not begin to run until notice of entry of the entire, final judgment has been given. Here, that occurred when the second notice of entry of judgment was given, not when the first notice was given, as Riverbank claims. Riverbank's contention the motion for attorney fees on the complaint was not timely is without merit.

### C. *Inclusion of fees incurred by Barham in defending against Ragsdale's claim*

Riverbank contends the award to Barham of attorney fees incurred in connection with the prosecution of Barham's complaint improperly included fees for actions

Cassinat's law firm took in defending Barham against Ragsdale's claims. Since Barham did not prevail against Ragsdale, Riverbank asserts such fees are not recoverable. Riverbank identifies certain entries in the Cassinat firm's billings it contends reflect work involving Ragsdale.

The trial court originally awarded Barham $215,000 in attorney fees for prevailing on its complaint. On remand, Barham asked for a total award of over $241,000, including the $215,000 originally awarded and an additional $19,455 for fees incurred postappeal. Riverbank opposed Barham's motion, asserting generally that Barham's billings included fees for services incurred in the unsuccessful defense of Ragsdale's complaint. Its argument seemed to address, in part, the order in the original judgment that required Riverbank to pay to Barham as damages the amount Barham was required to pay to Ragsdale as attorney fees because Ragsdale was the prevailing party on its own complaint. That award of attorney fees as damages was reversed on appeal and we directed the trial court to eliminate it from the new judgment. The trial court complied with that direction.

In the trial court, Riverbank asserted generally that Barham's billings included fees for work involving Ragsdale's claim, but did not challenge any specific items in Barham's billing records. Riverbank now objects to particular items in Barham's billing records. "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate…. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*).) In determining the lodestar figure, the trial court need not specify which fees or hours it is allowing or disallowing. "'In California, the trial court has no sua sponte duty to make specific factual findings explaining its calculation of the fee award and the appellate courts will infer all findings exist to support the trial court's determination." (*Taylor v. Nabors*

19.

*Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1250 (*Taylor*).)  The trial court is not required to identify each item it found to be unsupported or unreasonable because """"[w]e do not want 'a [trial] court, in setting an attorney's fee, [to] become enmeshed in a meticulous analysis of every detailed facet of the professional representation.  It … is not our intention that the inquiry into the adequacy of the fee assume massive proportions, perhaps dwarfing the case in chief.'"""  (*PLCM*, *supra*, 22 Cal.4th at p. 1098.)  "The 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'"  (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)

Here, the trial court awarded Barham less in attorney fees on the complaint than Barham requested.  It was not asked to, and did not, specify any particular items in the attorneys' billings it allowed or disallowed.  In the absence of evidence to the contrary, and none has been brought to our attention, we must presume the trial court properly considered the challenges raised by Riverbank in its opposition, and made appropriate allowances and disallowances in reaching its decision concerning the amount of attorney fees to award to Barham for prevailing on its breach of contract claim.  (Evid. Code, § 664; *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1324.)  Riverbank has not demonstrated otherwise.  Consequently, Riverbank has not established prejudicial error in the award of attorney fees to Barham on its complaint.

### D.     *Duplication in the fee awards*

Riverbank contends there is significant duplication of effort in the work performed by Cassinat's firm in prosecuting the complaint and by Rivera's firm in defending against the cross-complaint, and the duplicative charges should have been eliminated from the fee awards.

"In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged,

20.

with a sufficient argument and citations to the evidence.  General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn*. (2008) 163 Cal.App.4th 550, 564.) .) "'[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court.'" (*Taylor, supra,* 222 Cal.App.4th at p. 1250.)  The trial court was aware at the time it made the awards of attorney fees that Barham was represented by two sets of attorneys, representing it in separate capacities and on different claims.  We assume the trial court took into account any unnecessary or duplicative billings when it determined the amount of attorney fees to award and set the award at an amount less than Barham's fee request.  Riverbank has not demonstrated the trial court failed to take the dual representation into account in determining the amount of fees to award.  Likewise, it has not demonstrated the trial court abused its discretion in making the award of attorney fees.

### E.  Reduction of award in light of mixed result

When the results of an action on the contract are mixed, that is, not a simple, unqualified win for one party, but good news and bad news for both parties, the trial court may find there is no prevailing party for purposes of awarding attorney fees. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 875-876 (*Hsu*).)  Riverbank argues that, as an alternative to denial of fees, the trial court may reduce the award of attorney fees to reflect the party's limited success.  Further, it seems to argue that, in a mixed result case, the trial court must adjust the amount awarded to the prevailing party to correspond to the degree or percentage of success the party achieved.  The cases it cites, however, did not espouse or apply such a rule.  *Hilltop Investment Associates v. Leon* (1994) 28 Cal.App.4th 462 upheld the denial of an award of attorney fees in a mixed result case.  *Hsu* held that, when the result was not mixed, but was a simple, unqualified win for one party, that party was the prevailing party as a matter of law and was entitled to an award of reasonable attorney fees. (*Hsu,* at pp. 865-866, 877.)

21.

Civil Code section 1717 and the cases reviewing awards of attorney fees merely require that the awards be reasonable.  The cases identify multiple factors to consider in setting the amount of the award, including:  the necessity for and nature of the litigation, its difficulty, the skill required and employed in handling the litigation, the attention given to it, the success or failure of the attorney's efforts, the time consumed, and other circumstances of the case.  (*PLCM*, *supra*, 20 Cal.4th at p. 1096; *Martino*, *supra*, 182 Cal.App.3d at p. 558.)  Thus, if the prevailing party is only partially successful in the litigation, the trial court may adjust the award appropriately in light of that limited success.  Mathematical precision, however, is not required.  The court need not eliminate fees from the award when the issues in the various claims overlap, so that services performed in connection with successful claims also relate to unsuccessful claims.  Apportionment is not "'required when the issues in the fee and nonfee claims are so inextricably intertwined that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units.'"  (*Taylor*, *supra*, 222 Cal.App.4th at p. 1251.)  The trial court was not required to reduce the award of attorney fees in proportion to Barham's success or lack of success in the litigation.  Riverbank has not established any abuse of the trial court's discretion.

## F.     *Inclusion of unrecoverable expenses as attorney fees*

Riverbank contends the billings submitted by Cassinat included expenses that are not recoverable as costs and may not be recovered as attorney fees.  It specifies various pages of the billings on which such expenses purportedly appear.  The pages to which Riverbank refers are copies of invoices from the Cassinat firm to its client, Barham.  Each month's invoice sets out the professional services rendered, including the date, a description of the services, the time spent, and the amount charged, followed by a total of the charges for professional services.  Each invoice then sets out any additional charges, including postage, facsimile charges, and copying costs, followed by a total of the additional charges.  At the end of the pages of invoices, the Cassinat firm included a

summary of the charges claimed in the motion for attorney fees. For each month, the amount claimed corresponds with the total charged for professional services on the monthly invoice. It does not include the additional charges. Consequently, the evidence presented in the trial court does not support Riverbank's claim that the attorney fee award improperly included unrecoverable costs. No abuse of discretion has been demonstrated.

### G.     *Timeliness of Rivera's memorandum of costs*

Riverbank asserts that the award to Barham of costs incurred by the Rivera firm was unauthorized because, on remand, Rivera did not file a timely memorandum of costs on behalf of Barham as cross-defendant. After the original judgment was entered, Rivera filed a memorandum of costs, and an amended memorandum of costs, setting out the costs it had incurred up to that time, which it sought to recover. Riverbank responded with a motion to tax costs. The trial court heard the motion, taxed some of the costs, and awarded Barham the remainder, $12,708.

On remand, after judgment was entered, Rivera filed a motion for an award of attorney fees and costs to Barham; in its memorandum of points and authorities filed in support of the motion, Rivera requested that the court take judicial notice of the memorandum of costs previously filed. Additionally, Barham requested $319.80 in costs incurred after remand. It did not file a new memorandum of costs until it filed its reply papers in connection with the fee motion; the new memorandum of costs requested $12,708 in costs, the amount previously awarded. The new memorandum of costs was not filed within the required time period. (Cal. Rules of Court, rule 3.1700(a)(1).)

At oral argument, Riverbank objected that the memorandum of costs was not timely. The trial court concluded a new memorandum of costs was not required to be filed and took judicial notice of the memorandum of costs Rivera filed in connection with the original judgment. The trial court awarded Barham the costs reflected in the new

23.

memorandum of costs and in the original, as taxed ($12,708), but deducted the $319.80 in postremand costs.[3]

The time limit for filing a memorandum of costs is not jurisdictional. (*Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 487-488.) "[A] trial court has broad discretion in allowing relief from a late filing where … there is an absence of a showing of prejudice to the opposing party." (*Id.* at p. 488, fn. omitted.) Instead of exercising its discretion to permit Barham to file a late memorandum of costs, the trial court took judicial notice of the previously filed memorandum and based the award on its previous order, which taxed some of the costs sought. It effectively took into account the objections Riverbank had previously made to the cost bill and denied recovery of any new costs. Riverbank has not demonstrated any prejudice it suffered as a result of this procedure. The trial court could have permitted Barham to file a late memorandum of costs, which would have required another motion to tax costs by Riverbank, causing both parties to incur further attorney fees. Riverbank has not suggested any new arguments it would have made in a motion to tax costs that would have caused the trial court to render a different decision. Generally, error is reversible on appeal only if prejudicial. (*Jones v. Farmers Ins. Exchange* (2013) 221 Cal.App.4th 986, 999.) No prejudicial error has been demonstrated.

---

**3**     The trial court apparently made a transpositional error and used the figure $319.08, which Rivera brought to the trial court's attention at oral argument. The trial court corrected the $319.80 figure in the final order, but failed to correct the computation of the award, resulting in an award of $12,388.92.

## ***DISPOSITION***

The judgment and orders from which appealed are affirmed.  Barham and Nationwide are entitled to their costs on appeal.

_____
HILL, P.J.

WE CONCUR:


_____
POOCHIGIAN, J.


_____
DETJEN, J.